[Cite as *State v. Patterson*, 2014-Ohio-3525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-50 |
| | | (C.P.C. No. 12CR-11-5930) |
| John M. Patterson, | : | and |
| | | No. 14AP-290 |
| Defendant-Appellant. | : | (C.P.C. No. 13CR-04-2122) |
| | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 14, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Brian J. Rigg*, for appellant.

ON APPLICATION FOR RECONSIDERATION

TYACK, J.

{¶ 1} The State of Ohio has filed an application for reconsideration from our decision issued on June 24, 2014, in which we found that the trial court had erred in failing to give a jury instruction on a charge of aggravated assault.

{¶ 2} The State attempts to limit the facts in testimony in this case and then uses its version of the facts as a basis for disagreeing with our analysis of the testimony which indicated that a jury question was presented as to whether Patterson was acting under a fit of rage when he struck Jhuty Imhotep Minter with a handgun and seriously injured him.

{¶ 3}   The State relies heavily on the testimony of Terror Mitchell, the mother of the child who was propositioned by Minter to perform oral sex.  The State has to acknowledge that Patterson, immediately after being told of the sexual proposition from Minter, went out to confront Minter.  The State also has to acknowledge that very shortly after finding Minter, Patterson struck Minter in the head with the gun.

{¶ 4}   Terror Mitchell assumed that Patterson was not in a rage because Patterson took two young boys with him when he went looking for Minter.  Her assumption overlooks the obvious explanation that Patterson wanted to be sure he was confronting the right person and the boy who had been propositioned could clearly identify the man who propositioned him.

{¶ 5}   The State's assertion that this was no evidence that Patterson acted with sudden passion ignores the undisputed facts set forth above.

{¶ 6}   In addition, Minter testified that Patterson approached him with a gun drawn and called Minter a punk.  Minter said Patterson walked across the street "screaming that same rhetoric."  When Patterson got 12-to-15 feet away, he asked Minter "[y]ou the m[_]f[_] told my son suck his dick"? ( Tr. 44.)

{¶ 7}   A jury could easily find that Patterson was in a rage and the rage got visible even to Minter when Minter laughed at the accusation instead of apologizing or expressing guilt for propositioning the child.

{¶ 8}   The trial court should have let the jury decide if the appropriate charge was felonious assault or aggravated assault.

{¶ 9}   The application for reconsideration is denied.

*Application for reconsideration denied.*

SADLER, P.J., and O'GRADY, J., concur.

———————————